IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JONATHAN CHARLES BERTELSEN, <br><br> Plaintiff, <br><br> vs. <br><br> CITIMORTGAGE, INC., and JOHN DOES 1-10, <br><br> Defendants. | CV 16-2-BU-JCL <br><br> ORDER |

Plaintiff Jonathan Bertelsen moves pursuant to Fed. R. Civ. P. 37(a) for an order compelling Defendant Citimortgage, Inc. ("Citimortgage") to produce certain documents. Specifically, in his Request for Production No. 2, served March 30, 2016, Bertelsen requested the production of Citimortgage's policies for "obtaining loan modification documents from a borrower" dating back to 2008 – the time frame Citimortgage began servicing Bertelsen's home mortgage loan. On June 1, 2016, Citimortgage served its response objecting to the production of the referenced documents on grounds of relevance, proportionality, and confidentiality/proprietary/trade-secret. (Doc. 32-1, at 4).

Over the course of the next several months – and in accordance with the mandate of L.R.26.3(C)(1) – the parties conferred in an attempt to resolve their

1

discovery squabble regarding the Citimortgage policies at issue. Consistent with documents submitted by Bertelsen reflecting the parties' discussions, Citimortgage agreed to produce copies of its pertinent policies from 2013 to the present. Bertelsen in turn, it appears, agreed to forgo his request for responsive documents dating back to 2008, and agreed to stipulate to the entry of a protective order preserving the confidentiality of the Citimortgage documents at issue. The parties' agreement is memorialized in numerous communications that occurred between counsel and submitted by Bertelsen in support of his motion. (Doc. 32-4). Importantly, in response to Bertelesen's motion, Citimortgage took no issue with his characterization of the parties' agreement as reflected in the referenced documents.

Contrary to the parties' agreement, Citigmortgage never supplemented its discovery response by producing pertinent documents from 2013 forward. And it does not dispute this fact. Rather, after repeated inquiries from Bertelsen, Citimortgage advised Bertelsen's counsel on January 5, 2017, that it was not going to produce its policies as agreed. Again, Citimortgage does not dispute this sequence of events as represented by Bertelsen.

In opposition to Bertelsen's motion to compel, Citimortgage simply reanimates its initial objections that the documents are irrelevant, proprietary, and

confidential.  But the litigation tactic employed here by Citimortgage contravenes the mandate of Fed. R. Civ. P. 1, that the Court and the parties construe, administer and employ the Rules to "secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

Resolution of the discovery dispute at hand has languished for nearly 11 months because Bertelsen complied with the mandate of L.R. 26.3(c)(1), relied upon Citimortgage's representations, and remained cooperative in his attempt to avoid invocation of Fed. R. Civ. P. 37.  Citimortgage, in contrast, has acted in a manner that is not only inconsistent with Fed. R. Civ. P. 1, but also operates to jeopardize the Fed. R. Civ. P. 16 scheduling order entered in this matter – an order which established a discovery deadline of January 16, 2017.

Citimortgage remains free, of course, to assert, at trial, its relevancy objection to the policies it implemented regarding the marshaling of information from borrowers in relation to a potential loan modification.  But the Court will not condone retromingent litigation tactics that unnecessarily prolong resolution of an action and are counter productive to the civility necessary to accomplish the goal of Fed. R. Civ. P. 1.

Therefore, Plaintiff Bertelsen's motion to compel is GRANTED.  Citimortgage shall, on or before **March 3, 2017**, produce all policies it had in

place from 2013 to the present relative to obtaining loan modification documents from a borrower. The production shall be subject to a stipulated protective order agreed to by the parties and submitted to the Court for approval.

IT IS SO ORDERED. Each party shall bear its own costs with respect to the motion.

DATED this 16th day of February, 2017.

_____
Jeremiah C. Lynch
United States Magistrate Judge