IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JONATHAN CHARLES BERTELSEN,<br><br>Plaintiff,<br><br>vs.<br><br>CITIMORTGAGE, INC., and JOHN DOES 1-10,<br><br>Defendants. | CV 16-2-BU-JCL<br><br>ORDER |

By Order entered June 14, 2016, the Court granted Defendant CitiMortgage, Inc.'s ("Citi") Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiff Jonathan Bertelsen's claim alleging Citi violated the Montana Consumer Protection Act. Bertelsen moves the Court to reconsider its dismissal of that claim. But for the reasons discussed, the Court declines to reconsider its decision.

The referenced June 14, 2016 Order was entered under the standards applicable to a Rule 12(b)(6) motion. In sum, those standards require dismissal of claims if they are not supported by either a cognizable legal theory, or by sufficient factual allegations under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Rule 12(b)(6) requires the court to accept all factual allegations in the complaint as true, and to

construe the pleading in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

The Court applied the Rule 12(b)(6) standards in dismissing Bertelsen's Montana Consumer Protection Act claims. And the Court is mindful of the standards in assessing whether to reconsider its dismissal of Bertelsen's claims.

Bertelsen's claims stem from his efforts to obtain a modification of his home mortgage loan obligations he owed to Citi, and to avail himself of a loan assistance program. In general, he alleges Citi provided him misinformation, inaccurate and inconsistent information, and misleading information relative to his multi-year efforts to obtain a modification or assistance from potential loan programs. More specifically, he contends Citi provided such misinformation relative to: (1) his eligibility for, and the availability of, loan modifications and assistance programs, (2) the documents he needed to submit in support of his applications for loan modifications and assistance, and (3) the status, at different times, of both his applications and Citi's review of those applications. He alleges Citi's conduct led to delays and caused damages to him.

In reviewing Bertelsen's claims and Citi's motion to dismiss, the Court concluded the Montana Consumer Protection Act applies to a lender's conduct in Bertelsen's circumstances. *Morrow v. Bank of America, N.A.*, 324 P.3d 1167, 1184 (Mont. 2014). The Act prohibits "[u]nfair methods of competition and unfair

2

or deceptive acts or practices in the conduct of any trade or commerce[.]" Mont. Code Ann. § 30-14-103. An act or practice is deemed "unfair if it 'offends established public policy and ... is either immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Morrow*, 324 P.3d at 1184 (citation omitted).

In opposing Citi's motion, Bertelsen argued that Citi's conduct in allegedly providing him inconsistent, contradictory, and misleading information relative to his applications for loan modifications or assistance programs constituted unfair or deceptive practices as found in *Morrow*, 324 P.3d at 1184-85. The Court disagreed, concluding Bertelsen's legal theory under the Montana Consumer Protection Act and in reliance upon *Morrow* was not viable. Specifically, Bertelsen did not present facts establishing that Citi undertook to provide him advice in the conduct of his affairs relative to the loan – the cornerstone of the rationale underlying *Morrow*.

The holding in *Morrow* was supported by facts demonstrating the lender engaged in conduct more culpable than merely providing misinformation to a borrower that delayed loan modification discussions. Rather, the facts demonstrated that the misinformation and delays, together with the resulting growth of the borrowers' default and arrearages, were rendered unfair and deceptive only because the lender had first advised and instructed the borrowers

not to make a loan payment, to default on the loan, and to make reduced monthly payments, thereby causing harm to the borrowers. *Morrow*, 324 P.3d at 1184-85. Thus, it was the lender's initial adverse advice and instructions given to the borrowers which rendered its subsequent conduct – the delays and inconsistent communications – unfair or deceptive to the borrowers' detriment. *Id*.

In this case, Bertelsen fails to allege any facts plausibly suggesting Citi undertook to affirmatively advise Bertelsen to take any action to his detriment. It did not advise Bertelsen to default on his loan payments. In fact, Bertelsen was already about 60 days in default and behind on his loan payments by the time he first communicated with Citi. Consequently, the Court concluded the conflicting information provided by Citi and the resulting delays, standing alone, do not constitute unfair or deceptive acts.

In its June 14, 2016 Order, the Court further considered the facts and liability findings in both *Olson v. Bank of America, et al.*, CV 14-160-BLG-CSO, (D. Mont. 2015) and *Jacobson v. Bayview Loan Servicing, LLC*, 371 P.3d 397, (Mont. 2016). But liability existed in those cases under the Montana Consumer Protection Act, in part, because the lenders had first instructed the borrowers in those cases to commit an act to the borrowers' detriment. In *Olson* the lender had advised the borrowers to make whatever monthly payment amounts they could, instructed them to disregard default notices, and misapplied or failed to properly

account for monthly payments it received from the borrowers. (Doc. 29 at 17.) Similarly, in *Jacobson* the lender affirmatively instructed the borrowers to go into default by stopping payments on their loan which would allow the borrowers to qualify for a loan modification. (Doc. 29 at 18-19.) Consequently, the Court concluded the lender's affirmative conduct in *Olson* and *Jacobson* advising the borrowers to take some action to their detriment was a significant fact supporting liability in those cases. (Doc. 29 at 20.) Because the lenders in those cases undertook to affirmatively advise the borrowers to undertake specific conduct regarding their loans, the lenders' misrepresentations subjected the lenders to liability under the Montana Consumer Protection Act.

Here, Citi did not affirmatively undertake to provide advice to Bertelsen instructing him to take any particular action to his detriment. Therefore, the Court concluded, based on *Morrow*, *Olson*, and *Jacobson*, that absent detrimental advice from Citi, Citi's provision of confusing or conflicting information to Bertelsen regarding the status of his loan application, what he needed to do to support his loan application, and his ability to possibly obtain a loan modification, standing alone, did not support Citi's liability under the Montana Consumer Protection Act. (Doc. 29 at 20.)

Bertelsen now moves the Court to reconsider the dismissal of his claims under the Montana Consumer Protection Act based on a Consent Order issued

against Citi on January 23, 2017, by the United States Consumer Financial Protection Bureau ("Bureau"), *In the Matter of: CitiMortgage, Inc*, File No. 2017-CFPB-0005. (Doc. 34-1.) The Consent Order addressed conduct in which Citi had engaged towards borrowers who had submitted applications for loss mitigation options as alternatives to Citi's foreclosure on the borrowers' loans and property. The Bureau found Citi had instructed borrowers they were required to submit numerous documents in support of their loss mitigation applications which were either (1) not relevant to, or actually necessary for support of, the borrowers' applications, or (2) documents which the borrowers had previously submitted. (Doc. 34-1 at 5-7.) The Bureau concluded Citi's conduct in that regard constituted deceptive practices in violation of the federal Consumer Financial Protection Act at 12 U.S.C. §§ 5531(a) and 5536(a)(1) which prohibit "unfair, deceptive, or abusive" acts or practices. (Doc. 34-1 at 7-8.)

Bertelsen requests the Court reconsider its dismissal of his claims under the Montana Consumer Protection Act based on a combination of the following: (1) the Bureau's decision finding similar conduct by Citi in providing misinformation to borrowers was deceptive, and (2) the Montana Supreme Court would likely adopt the Bureau's interpretation of the federal Consumer Financial Protection Act's proscription against unfair or deceptive acts or practices. Bertelsen does not argue that the Bureau's decision constitutes evidence relevant to the issues

6

presented for resolution in this case. Instead, Bertelsen only suggests the Court should find the Bureau's decision persuasive in assessing whether Citi's alleged conduct in this matter does or does not constitute unfair or deceptive acts or practices.

Bertelsen suggests the Montana Supreme Court would adopt the Bureau's interpretation because he believes the Montana Consumer Protection Act requires consideration of the Bureau's decision. Specifically, "in construing 30-14-103 due consideration and weight shall be given to the interpretations of the federal trade commission and the federal courts relating to section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. § 45(a)(1)), as amended." Mont. Code Ann. § 30-14-104(1). *See also Rohrer v. Knudson*, 203 P.3d 759, 763-64 (Mont. 2009).

But the Consumer Financial Protection Bureau is not part of the federal trade commission – it is an agency within the Federal Reserve System. 12 U.S.C. § 5491(a). Furthermore, the Bureau's decision interpreted the federal Consumer Financial Protection Act, not the Federal Trade Commission Act.

Nonetheless, taking into account the due consideration and weight otherwise required by Mont. Code Ann. § 30-14-104, such consideration and weight given to the Bureau's decision does not persuade the Court to reconsider its analysis.

The Bureau's assessment of what constitutes a deceptive practice is, of

course, not controlling here. Moreover, the Bureau's decision is not persuasive. The Court's decision dismissing Bertelsen's claims was based on prevailing decisional law established by the Montana Supreme Court in both *Morrow* and *Jacobson* – cases in which the lenders had first instructed the borrowers to stop making their loan payments and caused the borrowers to default on their loans to their detriment. That conduct rendered the lender's subsequent provision of misinformation to the borrower unfair and deceptive in violation of the Montana Consumer Protection Act. Nothing in the Bureau's decision suggests the Court's analysis of *Morrow* and *Jacobson* was flawed, or that the Court's reliance upon *Morrow* and *Jacobson* was misplaced.

Consequently, the Court finds Bertelsen's motion for reconsideration is not persuasive, and IT IS HEREBY ORDERED the motion is DENIED.

DATED this 7th day of April, 2017.

Jeremiah C. Lynch
United States Magistrate Judge